## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-12540** |
| **BIG LOTS STORES, INC.** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #3) is **DENIED**.

### BACKGROUND

Plaintiff, Donna Williams, seeks to remand this case to the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana. She argues that this court lacks diversity subject matter jurisdiction because her damages did not exceed $75,000 at time of removal.

On December 15, 2014, Williams, slipped and fell while shopping at a Big Lots store in Chalmette, Louisiana. Williams alleges that she slipped on soap or detergent that was on the floor after dripping from a shopping cart that a Big Lots employee was pushing. Williams claims that the employee was stocking shelves with merchandise from the shopping cart and that the accident occurred within the employee's view. Williams alleges that there were no signs warning customers that there was a substance on the floor.

On December 15, 2014, Williams filed suit against Big Lots in the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana, alleging that "she slipped on a foreign substance present on the floor, which caused her to fall violently to the floor." Williams claims that she "sustained serious and permanent personal injuries to her entire body." Williams seeks damages for past, present and future medical expenses, physical pain and suffering, mental anguish, emotional distress, lost wages and diminished earning capacity. She also seeks damages for permanent disability, loss of function and loss of enjoyment of life.

Big Lots served discovery requests on Williams seeking to ascertain the extent of her alleged damages.  On June 16, 2016, Williams responded to Big Lots' discovery requests stating that she was diagnosed with a left knee contusion, left knee medial meniscus tear, left hip strain, and a possible tear of the left hip.  Her medical bills to date total $8,900, but she continues to seek medical treatment for her injuries related to the accident.  Williams' doctor recommends that she undergo arthroscopic surgery on her left knee, which is estimated to cost $38,450 in "facility fees" and $8,008 in professional fees.

Upon receiving Williams' discovery responses, Big Lots ascertained that Williams' damages would exceed $75,000.  On July 8, 2016, Big Lots removed the action to the United States District Court for the Eastern District of Louisiana alleging that this court has subject matter jurisdiction under 28 U.S.C. § 1332, because Williams is a citizen of Louisiana, Big Lots is a citizen of Ohio and the amount in controversy exceeds $75,000.  In the Notice of Removal, Big Lots explains that the amount in controversy is expected to exceed $75,000 because Williams' discovery responses and medical records "place at least $55,358 in controversy with regard to Plaintiff's alleged special damages" when the proposed knee surgery is considered, and she claims general damages associated with over 18 months of medical treatment to date.

On November 7, 2016, Williams filed a motion to remand arguing that court lacks diversity subject matter jurisdiction under § 1332 because there was not $75,000 in controversy when the matter was removed to federal court.  She points out that her medical bills currently total $8,900, and that it is uncertain whether she will undergo the arthroscopic knee surgery.  Thus, she argues

2

that Big Lots failed to meet its burden to demonstrate that the amount in controversy exceeds $75,000. However, Williams does not stipulate that her damages do not exceed $75,000.

Big Lots argues that, although Williams' lawsuit was not removable on the face of the complaint, her discovery responses show that her damages are likely to exceed $75,000. Big Lots points out that, when the proposed arthroscopic knee surgery is considered, Williams' discovery responses place at least $55,358 in controversy with respect to Williams' special damages, and she also claims general damages and lost wages. At her deposition, Williams testified that she continues to have pain in her left knee, hip, wrist and shoulder and her lower back, and that she continues to receive treatment twice per week. Further, Williams testified that she has not ruled out having the knee surgery, but wants to try physical therapy first, and that she has not received a final determination of prognosis or reached maximum medical improvement. Therefore, Big Lots argues that this court has diversity subject matter jurisdiction under § 1332.

## ANALYSIS

### I.    Remand Standard

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276

F.3d 720, 723 (5th Cir.2002).  Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.  Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).

A district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different states. 28 U.S.C. § 1332(a)(1).  In this matter, there is complete diversity among the parties because Williams is a citizen of Louisiana, and Big Lots is a citizen of Ohio.  The parties dispute whether there is $75,000 in controversy.

In Louisiana state courts, plaintiffs are not ordinarily allowed to plead a specific amount of money damages.  The United States Court of Appeals for the Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999).  A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied. Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal.  Allen, 63 F.3d at 1336. If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000. De Aguilar, 47 F.3d at 1412.  One way that a plaintiff can do so is by filing "a binding stipulation or affidavit." Id.  If a plaintiff's state court

4

petition is ambiguous as to the amount in controversy, the court may consider a post-removal stipulation to ascertain whether the jurisdictional minimum was met at the time of removal. <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 23 F.3d 880, 883 (5th Cir. 2000).

Williams' petition contains generic allegations regarding her damages, and does not affirmatively reveal on its face that she is seeking damages in excess of $75,000.  However, as Big Lots points out, Williams' discovery responses and deposition testimony, which reveal the extent of her injuries and recommended medical treatment, demonstrate that her damages would likely exceed $75,000.   Williams has not stiplated that her damages are less than $75,000.  Therefore, the jurisdictional minimum is met, and Williams' motion to remand is DENIED.

<strong>CONCLUSION</strong>

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #3) is **DENIED**.


New Orleans, Louisiana, this   9th   day of December, 2016.


_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**
